UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JOSE R. GONZALEZ**

    **Plaintiff,**

v.                                                                                                                   **Case No: 5:13-cv-72-Oc-22PRL**

**GMAC MORTGAGE,**

    **Defendant.**

_____

### REPORT AND RECOMMENDATION[1]

This matter is before the Court on the motion for sanctions filed by Defendants GMAC Mortgage, LLC's ("Defendant GMAC") and Mortgage Electronic Registration Systems, Inc. ("Defendant MERS").[2] (Doc. 34). Plaintiff, Jose R. Gonzalez ("Plaintiff") has not filed a response and his time for doing so has passed. The District Judge referred the Motion to the undersigned for ruling, or if necessary, issuance of a Report and Recommendation. (Doc. 35). I recommend that the motion be granted.

**I.   BACKGROUND**

    **A.  Kelley Bosecker and Related Quiet Title Actions**

This case is one of seven similar quiet title actions filed in the Ocala Division, and Kelley Bosecker, Esquire, represents the plaintiff (as she does here) in each one.[3] All seven cases are

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal

[2] Although this motion was filed by Defendant GMAC and Defendant MERS, Defendant MERS is no longer a party to this action. (*See* Doc. 30). The Court need not distinguish between the sanctions sought on behalf of each of these Defendants because the Defendants draw no distinction and because both Defendants have the same counsel and have raised the same defenses and challenges to Plaintiff's claims.

[3] *Barrios v. Regions Bank*, 5:13-cv-29-ACC-PRL; *Lehrer et al. v. Regions Bank*, et al, 5:13-cv-30-PRL; *Fitzgerald et al v. Regions Bank et al.*, 5:13-cv-PRL; *Huff et al v. Regions Bank*, 5:13-cv-63-ACC-PRL;

based on the same legal theory, i.e., that failure to acknowledge in writing a recorded note, mortgage or assignment somehow creates a possible cloud on Plaintiff's title.  Although Ms. Bosecker has relied upon this same theory in these cases, she has failed to cite any legal authority to support it.

All seven cases were filed in state court and removed to this Court.  Upon removal, the Clerk promptly notified Ms. Bosecker that she was not a member of the Bar of the Middle District of Florida and that she must seek admission under Local Rule 2.01.  (Doc. 10). Although this notice is generally sufficient to prompt the relatively simple admissions process, it took Ms. Bosecker approximately six weeks to finalize the process and the Court was placed in the unfortunate position of micromanaging her admission.  (*See, e.g.*, Docs. 10 & 18).  In two of the other cases – *Barrios v. Regions Bank et al.*, 5:13-cv-29-ACC-PRL; and *Fitzgerald et al. v. Regions Bank et al.* – the Court directed Ms. Bosecker to finalize the admissions process by February 27, 2013 (after granting at least one extension).  On March 15, 2013, the Court was forced to remove Ms. Bosecker as counsel of record in this case because she continued to file papers although she still was not a member of this Bar.  (Doc. 18).  It was not until March 29, 2013, that Ms. Bosecker filed a notice of appearance after finally being admitted to the Bar of the Middle District.  (Doc. 22).  Ms. Bosecker's poor handling of the admissions process was consistent with her level of practice, which consistently fell below the level expected of lawyers practicing in this Court.  (*See also*, Doc. 33 at 7).

### B.  The *Gonzalez* Action

This action was initiated on December 18, 2012, when Plaintiff filed in state court, by and through his counsel, Ms. Bosecker, the present action to quiet title to real property located at

---

*Grisales et al v. Ocala National Bank*, 5:13-cv-WTH-PRL; *Calderon v. Merchants and Southern Bank*, 5:13-cv-85-ACC-PRL; *Lluis v. Bank of America*, 5:13-cv-130-ACC-PRL.

8709 SW 56th Avenue Road, Ocala, Florida ("Property") (Doc. 2). In the initial Complaint, Plaintiff alleged that on February 26, 2008, Defendant Community Bank & Trust ("Defendant CBT") recorded a February 4, 2008 mortgage on the Property and in the mortgage, Defendant CBT purported to lend Plaintiff $252,000 secured by the Property. Although Plaintiff appeared to allege that Defendant CBT never lent him $252,000, Plaintiff attached to his Complaint a copy of the recorded mortgage, which is time stamped the exact same time as his February 4, 2008 warranty deed and contains the same notary.

Plaintiff alleges that the mortgage and note were then assigned from Defendant CBT to Defendant Prime Home Mortgage, Inc. ("Defendant Prime"), then to Defendant MERS, and then finally to Defendant GMAC.[4] Plaintiff attached to the Complaint copies of the Assignment of Mortgages, all of which were recorded in Marion County, Florida's Official Records.

Plaintiff alleges that Defendant CBT failed to respond to his repeated demands to prove it lent him any money; and that Defendants Prime, MERS, and GMAC failed to respond to his repeated demands to prove that they each, respectively, had a valid interest in the Property. According to Plaintiff, each Defendant's failure to respond to his demands has created clouds on his title. In addition to this theory, Plaintiff asserts that because the purported mortgage did not vest any interest in CBT, the purported assignments did not transfer any interest in the Property to Defendants Prime, MERS, or GMAC. Oddly, although Plaintiff claims that the Defendants have no valid enforceable interest in the Property, he complains that they failed to comply with

---

[4] Plaintiff alleges that on August 26, 2008, Defendant Prime recorded an Assignment of Mortgage showing an assignment of Plaintiff's mortgage and note from Defendant CBT to Defendant Prime. Plaintiff then alleges that on September 10, 2008, Defendant MERS recorded an Assignment of Mortgage, showing an assignment of Plaintiff's mortgage and note from Defendant Prime to Defendant MERS. Plaintiff alleges that on February 27, 2012, Defendant GMAC recorded an Assignment of Mortgage, showing an assignment of Plaintiff's mortgage and note from Defendant MERS to Defendant GMAC.

his demands that they remove, satisfy, and release the purported mortgage and assignments. As relief, Plaintiff asks the Court to deem the mortgage and assignments cancelled, null and void.

On February 11, 2013, Defendants removed this action to federal court based on diversity jurisdiction. (Doc. 1). Defendant filed a motion to dismiss in state court, which, after removal, was considered a pending motion. (Doc. 4). Plaintiff did not file a response to the motion to dismiss, but filed a motion to remand on March 11, 2013. (Doc. 15).

On March 22, 2013, Defendants served on Plaintiff's counsel a Rule 11 and Fla. Stat. § 57.105 safe harbor letter and motion for sanctions seeking dismissal of the case with prejudice and payment of their attorney's fees and costs. (Doc. 34-1). Defendants advised Plaintiff to review the pending motion to dismiss and attached motion for sanctions, both of which cited "recent case law in similar actions to quiet title that unequivocally establishes that the claims alleged in this case have no merit."

On April 3, 2013, the Court granted Defendants' motion to dismiss noting that Plaintiff had failed to respond to the motion and finding that the basis of Plaintiff's claims was frivolous and unsupported by any legal authority. (Doc. 31). The Court explained that Plaintiff failed to plead plausible facts to show that Defendant CBT and the assignees created a cloud on Plaintiff's title and to show that the mortgage and assignments were invalid. The Court further explained that Plaintiff's argument that Defendant CBT's failure to respond to his demand that Defendant CBT never lent him money is frivolous as it is unsupported by any legal authority that failure to acknowledge in writing a recorded note and mortgage creates a possible cloud on Plaintiff's title. The Court highlighted that the recorded mortgage and note show that CBT lent Plaintiff the sums of money at issue; Plaintiff's signature appears on both of these recorded documents; and Plaintiff never denied signing the documents. The Court also rejected Plaintiff's claim based on

the argument that Defendant GMAC and Defendant MERS failed to respond to his demand that they prove the validity of their interests in the Property because such claim is frivolous and unsupported by any legal authority suggesting that the failure to acknowledge in writing a recorded assignment creates a possible cloud on Plaintiff's title.

When dismissing the Complaint, the Court, nonetheless, granted Plaintiff leave to amend by April 17, 2013, provided he could do so without violating Federal Rule of Civil Procedure 11. The Court cautioned Plaintiff that "[t]he amended complaint shall not serve as an opportunity to add new claims. Rather, this represents a chance for Plaintiff to remedy the pleading deficiencies identified herein."

That same day the Court denied Plaintiff's motion to remand, easily finding diversity jurisdiction. The Court explained that Plaintiff "offers a nonsensical argument that discusses preemption and federal question jurisdiction, and Plaintiff neglects to engage in any substantive discussion of diversity jurisdiction. As well, Plaintiff disregards binding Eleventh Circuit precedent." (Doc. 32 at 2).

On April 17, 2013, Plaintiff filed a document entitled "Plaintiff's Objection and Opposition to Defendants', GMAC Mortgage, LLC & MERS, Motion for Sanctions" (Doc. 26), which apparently was in response to Defendants' Rule 11 and § 57.105 safe harbor letter and (at that point, an unfiled) motion for sanctions.

Also, on April 17, 2013 – the last day for Plaintiff to amend – Plaintiff filed an emergency motion for an extension of time to file the amended complaint. (Doc. 25). Ms. Bosecker represented that because she was recently admitted to practice in this Court, she had not had enough time to prepare, complete, and file the Amended Complaint.[5] In denying the

---

[5] The Court noted that Plaintiff's counsel had filed similar emergency motions in several similar cases on the exact day amended complaints were due. *See e.g., Barrios v. Regions Bank et al*, 5:13-cv-29-Oc-

emergency motion, the Court pointed out that this explanation was "less than forthcoming" since, as discussed above, Ms. Bosecker had ample opportunity to complete the admissions process. The Court ordered Plaintiff to file the amended complaint by April 19, 2013 if he could do so without violating Rule 11. (Doc. 28). The Court advised Plaintiff that "[t]he amended complaint shall not serve as an opportunity to add new claims. Rather, [the amended complaint] represent[ed] a chance for Plaintiff to remedy the pleading deficiencies identified [therein]." The Court further noted that "[t]he level of practice of Plaintiff's counsel has fallen woefully below the level of practice expected before this or any Court. She has demonstrated a disregard for this Court's limited resources, the Local Rules of the Middle District of Florida, and the Federal Rules of Civil Procedure." (Doc. 28 at 3).

Despite these repeated warnings, on April 19, 2013, Plaintiff filed his Amended Complaint (Doc. 30) purporting to assert claims solely against Defendant GMAC, the final assignee of the recorded mortgage. Plaintiff continued to assert that Defendant GMAC did not prove that it lent him money or that it had a valid interest in the Property. Despite the Court's explicit direction that no new claims be added, Plaintiff also added a count for fraud, fraudulent inducement, concealment, and fraudulent representation.[6]

Defendant then filed a motion to dismiss with prejudice and for sanctions (Doc. 31) to which Plaintiff filed a response in opposition. (Doc. 32). On May 16, 2013, the Court dismissed Plaintiff's Amended Complaint with prejudice. (Doc. 33).

---

22PML; *Huff et al. v. Regions Bank, et al.*, 5:13-cv-63. The Court pointed out that in those other motions counsel also argued that she was recovering from an unidentified, serious medical emergency that prevented her from completing the amended complaint. However, "after the Court entered its order on April 16, 2013 in th[o]se similar cases, Plaintiff's counsel, in this 'emergency' motion and recent other ones, is no longer asserting her medical emergency as a basis for an extension."

[6] Plaintiff also made reference to the Real Estate Settlement Procedures Act, but as the Court noted, Plaintiff clarified in his response to the motion to dismiss that he was not pursuing any federal claims. (*See* Doc. 33 at 5).

The Court described Plaintiff's response to the motion to dismiss as "frivolous, incoherent, and shoddy" and explained:

> Before discussing the merits of the present motion, the Court must address the frivolous and incomprehensible response filed by Plaintiff's counsel. The response filed by Plaintiff's counsel is a series of nonsensical and irrelevant arguments, which have become the hallmark of the representations asserted by Plaintiff's counsel to this Court in the present case and numerous other similar cases presently before this Court.
>
> For example, Plaintiff's counsel mistakenly identifies the response as a pro se filing even though a member of the Florida Bar represents the Plaintiff. As well, Plaintiff's counsel engages in a lengthy and irrelevant discussion of remand case law that fails to discuss even the appropriate Eleventh Circuit standards. Moreover, this is a response to a motion to dismiss and not a motion to remand. The Court notes that Plaintiff's arguments are the same ones the Court previously rejected in Plaintiff's previous motion to remand. (See (Doc. No. 15)). The only somewhat coherent aspect to Plaintiff's response was his counsel's discussion of why the counsel should not be sanctioned.

(Doc. 33 at 1-2). The Court once again noted that "[t]he level of practice exhibited by Plaintiff's counsel in this litigation has fallen well below the level of practice expected of those appearing before this Court." (Doc. 33 at 7).

In dismissing Plaintiff's Amended Complaint, the Court found that Plaintiff once again failed to allege plausible facts showing the existence of a cloud on his title. In addition, the Court dismissed Plaintiff's claims based on fraud, fraudulent inducement, and fraudulent representation because such claims were in direct violation of the Court's Order prohibiting Plaintiff from adding new claims in his Amended Complaint. Defendant GMAC and Defendant MERS then filed the instant motion seeking sanctions.[7]

---

[7] Defendant's initial motion for sanctions, which was included in Defendants' motion to dismiss the Amended Complaint (Doc. 31) was denied without prejudice because it failed to comply with Fed.R.Civ.P. Rule 11(b) and Defendant failed to present any measure of attorney's fees or proposed amounts for possible sanctions. (Doc. 33).

## II. DISCUSSION

Defendants seek sanctions in the form of Defendant's attorneys' fees and costs, against Plaintiff and Ms. Bosecker, pursuant to Federal Rule of Civil Procedure 11, Florida Statute § 57.105, 28 U.S.C. § 1927, and the Court's inherent power. Defendants contend that sanctions should be imposed for filing and continuing to prosecute this lawsuit while knowing that the claims asserted were frivolous and for filing frivolous documents with the Court.

Plaintiff has not filed a response to the instant motion and his time for doing so has long since passed. This failure to respond is consistent with Ms. Bosecker's practice before this court, and does not bode well for her under the circumstances. Notably, even if the Court considers one or more of Plaintiff's prior filings as a "response" (e.g., Docs. 26 & 32), the Court notes that those papers fail to offer any legal authority to support Plaintiff's bald assertions that he has "a valid claim in quiet title in his property" and that the action "is a valid one, and is not devoid of facts and law, so as to render his Complaint invalid or improper on its face;" nor do those papers address the Defendants' calculation of attorneys' fees and costs sought.[8]

### A. Legal Framework

Pursuant to Rule 11, when an attorney files a pleading, written motion, or other paper, the attorney signs it to certify that, among other things, (1) the pleading is not being presented for an improper purpose; (2) the legal contentions are warranted by existing law or a nonfrivolous argument to change existing law; and (3) the factual contentions have evidentiary support or will likely have evidentiary support after discovery. Fed.R.Civ.P. 11(b).

"The purpose of Rule 11 is to deter baseless filings in district court and thus streamline the administration and procedure of federal courts." *Peer v. Lewis*, 606 F.3d 1306,1311 (11th

---

[8] It appears that Plaintiff included the exact same arguments in his response to Defendants' motion to dismiss the amended complaint and his objection to Defendants' motion for sanctions. (Doc. 32).

Cir. 2010). To accomplish this purpose, Rule 11 requires litigants to reasonably inquire into the law and facts before making legal and factual contentions in a pleading, motion, or other paper; it emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable and by generally providing protection against sanctions if they withdraw or correct contentions after a potential violation is called to their attention. *See* Advisory Committee Notes to Rule 11, 1993; *see also, Coleman v. Circle K. Stores, Inc.*, No. 6:10-cv-1425-Orl-28GJK, 2012 WL 5334116, *2 (M.D. Fla. Oct. 1, 2012).

In determining whether Rule 11 sanctions are warranted, the Court asks: "(1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Id*. (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001). The Court should avoid using the "wisdom of hindsight" and should "test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." *Peer*, 606 F.3d at 1311 (quoting Fed. R. Civ. P. 11 advisory committee note of 1983).

Likewise, Florida Statute § 57.105 is intended to discourage baseless filings and provides, in relevant part:[9]

> Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee . . . to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:

---

[9] In a diversity action, such as this, the substantive law of the forum state is applied, along with federal procedural law. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The Eleventh Circuit has noted that "[a]ttorney's fees pursuant to Florida Statute § 57.105 may be awarded to the prevailing party in a suit brought in federal court." *BankAtlantic v. Blythe Eastman Paine Webber, Inc*, 955 F.2d 1467, 1478 n. 11 (11th Cir. 1992). Because § 57.105 is substantive, it can be applied in federal court in the proper case. *See Fidelity Land Trust Company, LLC v. Security National Mortgage Company*, No. 6:12-cv-1676-Orl-19DAB, 2013 WL 524961, at *1 (M.D. Fla. Jan. 7, 2013).

(a) Was not supported by the material facts necessary to establish the claim or defense; or

(b) Would not be supported by the application of then-existing law to those material facts.

Both Rule 11 and § 57.105 contain safe harbor provisions requiring the moving party to serve the offending party with the motion at least 21 days before the motion is filed with the Court. The moving party cannot file the motion if, within those 21 days, the offending party withdraws or corrects the challenged conduct. Fed. R. Civ. P. 11(c)(2); Fla. Stat § 57.105(4).[10]

Unlike Rule 11 and Fla. Stat. § 57.105, which primarily focus on pleadings, written motions, or other papers, 28 U.S.C. §1927 is directed at the unreasonable and vexatious multiplication of proceedings and requires attorneys to avoid dilatory tactics throughout the entire litigation. *Peer v. Lewis*, 606 F.3d 1306, 1313-14 (11th Cir. 2010). "To justify an award of sanctions pursuant to section 1927, an attorney must engage in unreasonable and vexatious conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct." *Id*. An attorney multiplies the proceedings unreasonably and vexatiously "only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" *Id*. Bad faith is an objective standard that is met when an attorney knowingly and recklessly pursues a frivolous claim. *Id*.

Finally, the Court has inherent authority to manage its affairs and sanction parties or counsel for conduct that abuses the judicial process. *Fidelity Land Trust Company, LLC v. Security National Mortgage Co.*, No. 6:12-cv-1676-Orl-19DAB, 2013 WL 524961, at *3 (M.D. Fla. Jan. 7, 2013). The court's inherent power "extends to a full range of litigation abuses," but

---

[10] There is no dispute that counsel for Defendants sent a Rule 11 and Rule § 57.105 safe harbor letter and a motion for sanctions to Plaintiff's counsel on March 22, 2013. (Docs. 34-1, 34-2). In the instant motion for sanctions, Defendants incorporates the initial motion and also raises additional factual and legal grounds upon which sanctions should be imposed based on subsequent precedent, orders in this case, and filings by Plaintiff.

it requires a showing of bad faith and this standard narrows the range of conduct that satisfies the threshold for sanctions. *Peer*, 606 F.3d at 1314-15 (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 46, 111 S.Ct. 2123, 2134, 115 L.Ed.2d 27 (1991)).

### B. Sanctions Should Be Imposed

There was no plausible basis in law or fact for the filing of this action, which should have been clear by reading the case law. This is not a situation in which a lawsuit was filed in good faith and later discovery revealed that there was not a basis for it. Rather, Plaintiff's claims against Defendants were based upon a legal theory that had absolutely no chance of success and which cannot be characterized as reasonable arguments to change existing law. Indeed, despite bald assertions that he has stated a viable claim, Plaintiff has not cited any legal authority to support his theory.

Although Defendants' counsel sent a Rule 11 and § 57.105 safe harbor letter to counsel, Plaintiff did not withdraw his claim. Defendants ultimately prevailed when the Court dismissed Plaintiff's Amended Complaint with prejudice. (Doc. 33). Accordingly, sanctions should be imposed pursuant to Fla. Stat. § 57.105 because, as discussed above, at the time Plaintiff filed his Complaint (by and through Ms. Bosecker), his claims were neither supported by the material facts necessary to establish the claims nor by the application of then-existing law to those material facts. Section 57.105 specifically provides that under these circumstances, the court "shall award a reasonable attorney's fee . . . to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney."

Moreover, although Rule 11, Fed. R. Civ. P., does not apply to the filing of the original Complaint in state court, s*ee Worldwide Primates, Inc. v. McGreal*, 26 F.3d 1089, 1091 (11th Cir. 1994), Defendants argue, and the Court agrees, that Ms. Bosecker violated Rule 11 by continuing

to pursue the frivolous claims after removal and by filing motions and other papers – i.e., the motion to remand, the emergency motion for extension of time, the (equally frivolous) Amended Complaint, and the objection to the motion to dismiss – that had no reasonable factual or legal basis.

Plaintiff and Ms. Bosecker were repeatedly advised – both by Defendants and the Court – that Plaintiff's claims were frivolous. Nonetheless, Plaintiff proceeded with this action and Defendants were forced to defend against the frivolous claims. As discussed above, Defendants moved to dismiss the Complaint arguing that Plaintiff's claims were frivolous and unsupported by legal authority and contradicted by the exhibits attached to Plaintiff's Complaint. (Doc. 4). Defendants cited to a number of cases in which courts had rejected Plaintiff's legal theory. (Doc. 4 at 2-3, nn. 1-3, *see* cases cited therein and attached thereto as exhibits). Rather than responding to the motion to dismiss, Plaintiff filed a motion to remand, which the Court ultimately denied, describing Plaintiff's arguments as "nonsensical" and noting that Plaintiff disregarded binding Eleventh Circuit precedent. Ms. Bosecker continued to pursue Plaintiff's claims even after Defendants served a Rule 11 letter and motion for sanctions, and after the Court rejected Plaintiff's legal theory in its April 3, 2013 Order granting Defendants' motion to dismiss. Then, although the Court reminded Plaintiff and Ms. Bosecker of the requirements of Rule 11, and admonished Plaintiff that he could not add new claims to an amended pleading, he filed an Amended Complaint based on the same legal theory that the Court had previously rejected (both in this case and others)[11] and Plaintiff added new claims. Defendants moved to dismiss the Amended Complaint with prejudice, which the Court granted. The Court described Plaintiff's response to the motion to dismiss as "frivolous, incoherent, and shoddy." (Doc. 33 at 7).

---

[11] *See e.g., Barrios v. Regions Bank*, 5:13-cv-29-ACC-PRL; *Huff v. Regions Bank*, 5:13-cv-63-ACC-PRL.

<tt>
</tt>
<tt>
</tt>
<tt>
</tt>
<tt>
</tt>
<tt>
</tt>

Ms. Bosecker's conduct in pursuing these frivolous claims also warrants sanctions against her pursuant to 28 U.S.C. § 1927.[12] The undersigned has no trouble concluding that Ms. Bosecker engaged in unreasonable and vexatious conduct and that her conduct multiplied the proceedings by filing the unfounded motion to remand, the "less than forthcoming" emergency motion for extension of time, and the frivolous Amended Complaint, and by opposing Defendants' motion to dismiss with frivolous and unsupported arguments. *See Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1280-82 (11th Cir. 2010). Ms. Bosecker's decision to pursue these frivolous claims is even more troubling in light of the lack of professionalism she exhibited throughout the course of this litigation. The Court noted on at least two occasions that Ms. Bosecker's level of practice had fallen well below the level of practice expected before this or any Court and that she had demonstrated a disregard for this Court's limited resources, the Local Rules of this Court and the Federal Rules of Civil Procedure. (See, e.g., Doc. 28 at 3 & Doc. 33 at 7).

Alternatively, the Court should exercise its inherent powers to impose sanctions against Plaintiff and Ms. Bosecker because Defendants were forced to spend significant time and money defending against Plaintiff's meritless lawsuit. The Court may tax attorneys' fees and costs "when [the client, attorney, or both] has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Fidelity Land Trust Co., LLC v. Security Nat. Mortg. Co*., No. 6:12-cv-1676-Orl-19DAB, 2013 WL 524961, at *3 (M.D. Fla. Jan. 7, 2013)(*quoting Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001)). Grounds for a bad faith award exist – when, as here – a plaintiff brings a groundless suit and forces the defendants to expend time and effort conducting their defense. *Gordon v. Heimann*, 715 F.2d 531, 539 (11th Cir. 1983).

---

[12] Section 1927 does not apply to an initial complaint. *Macort v. Prem, Inc.,* 208 F. App'x 781, 786 (11th Cir. 2006).

Under these circumstances, the Court finds that sanctions in the form of reasonable attorneys' fees and costs are warranted against both Plaintiff and Ms. Bosecker under Fla. Stat. § 57.105 and the Court's inherent authority, and additionally that such sanctions are warranted against Ms. Bosecker pursuant to Rule 11, Fed. R. Civ. P.[13], and 28 U.S.C. § 1927. Plaintiff and Ms. Bosecker should be ordered to pay Defendants' reasonable attorneys' fees and costs to defend this action from the date Defendants were served with original process (pursuant to Fla. Stat. § 57.105 and the Court's inherent authority) through the conclusion of these proceedings (pursuant to Fla. Stat. § 57.105, Rule 11, 28 U.S.C. § 1927, and the Court's inherent authority).

### C. Reasonable Attorney's Fees

Defendants seek a total of $15,003.72 in attorneys' fees dating from January 14, 2013 to May 21, 2013. Although Defendants purportedly summarized the requested fees in a chart on page 13 of their motion, the chart is replete with errors, including that the total hours worked are not entirely correct and the total number of hours are multiplied by the actual billable rates, which are lower than the requested billable rates. Thus, the requested fees in the amount of $15,003.72 is reached by multiplying the actual number of hours (as documented by the billing records) by the actual billable rates (as reflected in the billing records). Defendants' failure to pay attention to these details made the undersigned's review more difficult.

In determining a reasonable attorney's fee, the Court applies the federal lodestar approach which is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing

---

[13] Although Rule 11 sanctions can be awarded against a party and/or counsel, monetary sanctions cannot be imposed against a represented party for violating Rule 11(b)(2) which requires counsel to certify that the claims, defenses and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. Fed. R. Civ. P. 11(c)(5). Because the undersigned concluded that Ms. Bosecker violated Rule 11(b)(2) (as well as other subsections of Rule 11), the undersigned declines to impose monetary sanctions in the form of attorneys' fees and costs on Plaintiff pursuant to Rule 11.

party. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)(per curiam). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Once the court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors, including the results obtained. *Norman*, 836 F.2d at 1302.

"Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001)(quoting *Hensley*, 461 U.S. at 436). Additionally, the Court is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

### 1. *Reasonableness of Hourly Rates*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates. *Id*. The trial court, itself, is an expert on the question of the reasonableness of fees and may consider its own knowledge and experience. *Id*. at 1303.

Defendants request $365.00 per hour for attorney Hope T. Cannon, who has 13 years of experience and is a partner at the law firm of Bradley Arant Boult Cummings LLP; $260.00 per hour for attorney Jessica L. Jones, an associate at the same firm in her fourth year of practice; $170 to $180 per hour for Jamie Mathews a paralegal with two years of experience; $170 to $180 per hour for Alecia Cockrell a paralegal with fifteen years of experience; and $185.00 to $195.00 per hour for Emily R. Powell a paralegal who attended law school and obtained a J.D. degree in 2006.

To support the requested hourly rates, Defendants point to similar cases in this District in which the same counsel and paralegals recently sought similar rates for fees as they do here, and the court granted their motion. (Doc.34 at 13-14; *Fidelity Land Trust Co., LLC v. Mortgage Electronic Registration Systems, Inc. et al*., Case No. 6:12-cv-1367-RBD-TBS; *Fidelity Land Trust Co., LLC v. Mortgage Electronic Registration Systems, Inc. et al*., Case No. 8:12-cv-1930-EAK-MAP). In addition, Defendants cite to several other cases from this District where the court found commensurate rates to be reasonable. (*See* Doc. 34 at 14-15).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *Scelta v. Delicatessen Support Serv., Inc*., 203 F.Supp.2d 1328, 1331 (M.D.Fla. 2002). Here, based upon the Court's own experience and familiarity with rates in the Ocala Division, the undersigned finds that the requested rates are higher than the prevailing market rates. In fact, the requested hourly rates are higher than the rates reflected in counsels' own billing records attached to the motion –
 i.e., Attorney Cannon $334.00 - $334.40; Attorney Jones $224.00 - $224.40; Paralegal Mathews $149.60-$150.00; Paralegal Cockrell $158.40; and Paralegal Powell $162.80-$163.00. (Doc. 34-2). Moreover, in both of the similar cases from this District cited by Defendants, the same

counsel requested and the Court approved even lower billing rates – Attorney Cannon $315.00; Attorney Jones $193.00; Paralegal Mathews $145.00; and Paralegal Cockrell $145.00.[14]

Having considered the experience of Attorney Cannon and Attorney Jones, the location of their practice, the complexity of the case, Defendants' evidence of awards in similar cases, and the Court's knowledge of market rates in Central Florida, the undersigned recommends that the requested hourly rate for Attorney Cannon be reduced from $365 to $315 and that the requested hourly rate for Attorney Jones be reduced from $260 to $193.00. Likewise, with respect to paralegal time, the undersigned recommends that the requested hourly rate for Paralegal Mathews and Paralegal Cockrell should be reduced from $170/$180 to $145; and the requested hourly rate for Paralegal Powell should be reduced from $185.00/$195.00 to $155.

## 2. *Reasonableness of Hours Expended*

Next, the Court must determine the number of hours reasonably expended on the litigation. Attorneys "must exercise their own billing judgment to exclude any hours that are excessive, redundant, or otherwise unnecessary." *Galdames v. N&D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011). A court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the court adequately explains its reasons for doing so. *Id.*

Notwithstanding Plaintiff's failure to raise any objection to Defendants' calculation of time expended on this case, the undersigned has conducted a thorough evaluation on its own. Defendants' chart summarizing the requested hours is incorrect and does not accurately reflect all of the time expended on the case as reflected in the billing records attached to the motion. Based on the attached billing records, the following hours were expended on the case:

---

[14] Apparently, Paralegal Powell did not work on these cases.

| Hope T. Cannon  | 7.0 hours  |
|-----------------|------------|
| Jessica L. Jones | 37.6 hours |
| Jamie Mathews   | 22.2 hours |
| Alecia Cockrell | 0.3 hours  |
| Emily Powell    | 5.3 hours  |

The undersigned finds that the number of hours requested by Attorney Cannon and Attorney Jones are reasonable to expend on a case such as this. The time spent included time investigating the allegations, researching relevant case law, drafting the notice of removal, drafting two motions to dismiss, responding to Plaintiff's motion to remand and emergency motion for extension of time to file the Amended Complaint, and drafting the motion for sanctions.

However, the undersigned recommends that the requested paralegal hours should be reduced. Work by paralegals is recoverable "only to the extent that the paralegal performs work traditionally done by an attorney." *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988). A number of the time entries are clerical in nature and thus, should be disallowed. Accordingly, the undersigned recommends that the hours for paralegal Jamie Mathews be reduced by 2.8 hours;[15] and the hours for paralegal Emily Powell be reduced by .50 hours.[16]

---

[15] These 2.8 hours include the following time entries: 1/24/13, .20 hours, Pull access online docket and review for recent case activity and telephone call to Court to obtain information on Answer of Community Bank and Trust; 1/24/13, .10 hours, Research contact information for attorney for Community Bank and Trust; 1/31/13, .30 hours, Draft correspondence to Marion County Clerk enclosing follow up paper copy of e-filed Motion to Dismiss Complaint to Quiet Title; 2/1/13, .20 hours, Draft correspondence to Marion County Clerk with follow up paper filing of Notice of Bankruptcy; 2/5/13, .20 hours, Review access online docket and review for recent case activity to determine if answer has been filed by Prime Home Mortgage; 2/5/13, .20 hours, Multiple telephone calls and emails with Clerk regarding court file to use as exhibit to Notice of Removal; 2/11/13, .20 hours, Telephone call to Court to obtain case number and status of opening case; 2/12/13, .20 hours, Pull access online docket and review

### *3. Summary of Reasonable Attorneys' Fees*

In summary, the undersigned recommends that a reasonable lodestar for Attorney Cannon is 7.0 hours at $315 per hour for a fee award of $2,205.00; Attorney Jones is 37.6 hours at $193 per hour for a fee award of $7,256.80; Paralegal Mathews is 19.4 hours at $145 per hour for a fee award of $2,813.00; Paralegal Cockrell is .30 hours at $145 per hour for a fee award of $43.50; and Paralegal Powell is 4.8 hours at $155.00, for a fee award of $744.00, with a total lodestar award of $13,062.30.

### D. Costs

Finally, Defendants seek costs in the amount of $446.26 – i.e., Middle District Filing fee, $350.00; and state court filing fees, $96.26. The undersigned finds that these costs were reasonably necessary and are recoverable under 28 U.S.C. § 1920.[17]

### III. RECOMMENDATION

For the reasons stated above, it is respectfully **RECOMMEND**ED that

1. Defendants GMAC Mortgage, LLC's and Mortgage Electronic Registration Systems, Inc.'s Motion for Sanctions should be **GRANTED**.

---

for recent case activity on related case, Hager v. MERS; 2/18/13, .20 hours, Telephone calls to Pinellas County clerk regarding obtaining pleadings in Deutsche Bank v. Hayes case; 2/26/13, .40 hours, Review Pinellas County procedures for ordering documents online and complete form to order multiple pleadings from Deutsche Bank v. Hayes case; 3/1/13, .10 hours, Follow up with court regarding obtaining copies of Hayes pleadings; 3/6/13, .30 hours, Multiple telephone calls and emails with Pinellas County Copy Clerk regarding obtaining copies of Hayes pleadings; 4/1/13, .20 hours, Review online docket for recent case activity and review for recently docketed pleadings.

[16] These .50 hours include the following time entries: 2/8/13, .30 hours, Review local rules of the Middle District of Florida for formatting of Notice of Removal; 2/8/13, .20 hours, Draft letter to clerk of court enclosing notice of removal for filing.

[17] Section 1920 provides in pertinent part that a judge may tax as costs "[f]ees of the clerk."

2. Sanctions in the form of attorneys' fees in the amount of **$13,062.30** and costs in the amount of **$446.26** should be imposed jointly against Plaintiff, Jose R. Gonzalez and his lawyer, Kelley Bosecker.

Recommended in Ocala, Florida on August 5, 2013.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy