# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**JOSE R. GONZALEZ, individually**

      **Plaintiff,**

**v.**                                             **Case No: 5:13-cv-72-Oc-22PRL**

**GMAC MORTGAGE**

      **Defendant.**

_____

## ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration of the Court's Entered Order Granting Defendants' Motion for Attorneys' Fees.  (Doc. 37).  On August 5, 2013, the undersigned issued a report and recommendation on Defendants' motion for sanctions.  (Doc. 36).  On August 15, 2013, Plaintiff filed the instant motion, which the district judge construed as a motion seeking reconsideration by the undersigned of my report and recommendation. (*See* Doc. 38).

Upon consideration, I find that the Plaintiff fails to meet the high standard warranting reconsideration.  *See McGuire v. Ryland Group, Inc.,* 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007)(articulating high standard).[1]  A motion for reconsideration must demonstrate why the court should reconsider its previous decision and "[s]et forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *Villaflores v. Royal Venture Cruise Lines, LTD*., No. 96-2103-Civ-T-17B, 1997 WL 728098, at *2 (M.D. Fla. Nov. 17, 1997).  "The Court has recognized three grounds for justifying reconsideration of an order: (1) an

_____

[1] Plaintiff incorrectly cites to Florida Rules of Civil Procedure regarding motions for reconsideration. *See* Doc. 37 at ¶¶8-9.

intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire,* 497 F.Supp.2d at 1358

Here, as an initial matter, Plaintiff never even filed a response to Defendants' motion for sanctions.  Courts will not entertain motions for reconsideration based on arguments "which could, and should, have been previously made." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000)(internal brackets, citations and quotations omitted). Indeed, a "party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *Villaflores,* 1997 WL 728098, at *2.

Additionally, Plaintiff has not provided any intervening law, the availability of new evidence, or the need to correct clear error or manifest injustice.  In fact, at least half of the numbered paragraphs in Plaintiff's motion were taken verbatim from earlier filings previously considered – and rejected – by the Court.  (*See* Docs. 26 & 32).  In the remaining paragraphs, Plaintiff raises frivolous and nonsensical arguments.

For example, Plaintiff argues that "Defendant is clearly attempting to argue and/or litigate the facts and issues of this action, in Defendant's Motion for Sanctions, which, under Florida law, merely acts only as a motion to dismiss, where issues of material fact cannot be argued during such a Motion's consideration by the Court."  (Doc. 37 at ¶11).  Plaintiff's amended complaint, however, was dismissed with prejudice and this case was closed before Defendants filed their motion for sanctions.  Thus, Plaintiff's contention that the Court should focus on the merits of the instant motion and not delve into any other contested issues of material fact in this case, is simply without merit.

Equally frivolous is Plaintiff's contention that Defendants relied upon exhibits that have not been properly authenticated or verified.  (Doc. 37 at ¶¶13-19).  Defendants filed as exhibits: (1) the Rule 11 and Fla. Stat. § 57.105 safe harbor letter and motion for sanctions sent by defense counsel to Ms. Bosecker (Doc. 34-1); (2) defense counsels' billing records which were authenticated by the sworn affidavit of Jessica L. Jones; (Docs. 34-2, 34-3); and (3) Orders entered in other similar cases in the Middle District of Florida.  (Docs. 34-4, 34-5, 34-6).  The undersigned has no trouble concluding that these documents were properly relied upon in resolving the motion for sanctions.

Accordingly, for these reasons, Plaintiff's Motion for Reconsideration (Doc. 37) is due to be **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on August 20, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties